[No. 20678. In Bank. — August 29, 1890.]

THE PEOPLE, RESPONDENT, *v.* GEORGE ROSS, AP-
PELLANT.

CRIMINAL LAW — PLEADING — ONCE IN JEOPARDY — DISCHARGE OF JURY
   FOR SICKNESS OF JUROR. — The commencement of the trial of a defend-
   ant, and the discharge of the jury, on account of the sickness of one of the
   jurors, without the consent of the defendant, does not constitute jeopardy
   or acquittal of the crime for which he was on trial, and evidence of such
   proceeding is not admissible to support a plea of once in jeopardy or
   former acquittal, in a subsequent trial upon the same or another infor-
   mation filed against the defendant for the same offense.
ID. — ARGUMENT OF CAUSE — REMARKS OF DISTRICT ATTORNEY. — Where
   the district attorney, after arguing the case to the jury, claimed the
   right to argue again, after the attorney for the defendant declined to
   reply, which claim the court denied, a statement by the district attorney
   to the court, in the presence and hearing of the jury, that "the defense
   was endeavoring to prevent the prosecution from arguing the truth of
   this charge to the jury," is not prejudicial.

APPEAL from a judgment of the Superior Court of San
Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. V. Scanlan,* for Appellant.

*Attorney-General Johnson,* for Respondent.

SHARPSTEIN, J. — The commencement of the trial of
the defendant, and the discharge of the jury, on account
of the sickness of one of the jurors, without the consent
of the defendant, did not constitute jeopardy or an ac-
quittal of the defendant of the crime for which he was
on trial; and evidence of that proceeding was not admis-
sible to support a plea of once in jeopardy or former
acquittal, in a subsequent trial upon the same or an-
other information filed against him for the same offense.

Nearly a century ago, Kent, J., speaking for the su-
preme court of New York, in *People* v. *Olcott,* 2 Johns. Cas.
300, 1 Am. Dec. 168, said: "All the authorities admit
that when any juror becomes mentally disabled, by sick-

ness or intoxication, it is proper to discharge the jury; and whether the mental inability be produced by sickness, fatigue, or incurable prejudice, the result must be the same." The unanimity of authorities upon that question remains the same to this day. The question is now too well settled to admit of argument. It is not an open one in this court.

The only other exception presented by the record is to a remark made by the district attorney, which is presented as follows:—

"After the introduction of all the evidence admitted in the case, the assistant district attorney argued the case to the jury, and the attorney for the defendant declined to reply, whereupon the assistant district attorney claimed the right to argue the case to the jury, which claim the court denied; the assistant district attorney thereupon stated to the court, and in the presence and hearing of the jury, that 'the defense was endeavoring to prevent the prosecution from arguing the truth of this charge to the jury,' to which statement defendant then and there excepted, and which statement defendant assigns as error."

There was no occasion for the remark, and it would have been better for the district attorney to have refrained from making it, but we cannot see how the defendant's case could be prejudiced by such a piece of badinage.

Judgment and order appealed from affirmed.

MCFARLAND, J., FOX, J., PATERSON, J., THORNTON, J., WORKS, J., and BEATTY, C. J., concurred.