57 Cal.App.4th 522 (1997)
In re CARLOS V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
CARLOS V., Defendant and Appellant.
Docket No. H015724.
Court of Appeals of California, Sixth District.
August 29, 1997.
*523 COUNSEL
Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
WUNDERLICH, J. 

Statement of the Case
The Santa Clara County District Attorney's Office filed a petition alleging that Carlos V., a minor, came within the provisions of Welfare and Institutions Code section 602, in that he committed rape and sexual battery. On December 19, 1995, the juvenile court commenced a jurisdictional hearing. It was continued, and on January 18, 1996, the juvenile court judge disqualified himself due to concern about his impartiality and declared a mistrial. *524 (See Code Civ. Proc., § 170.1, subd. (a)(6).[1]) Thereafter, the minor moved to dismiss the petition on the ground that further proceedings violated the prohibition against double jeopardy. The motion was denied, and, after this court denied a petition for a writ of prohibition, the minor admitted the allegation of sexual battery. The court placed the minor on probation.
The minor appeals from the jurisdictional/dispositional orders. He reasserts his claim that further proceedings after the juvenile court declared a mistrial violated his protection against double jeopardy. We disagree and affirm the order.

Background[2]
During the second day of the jurisdictional hearing, the deputy district attorney played a tape recording of an interview between the minor and the police. The judge said he could not understand who was saying what and ruled that the tape had no evidentiary value. Thereafter, the minor withdrew his objection to the tape and sought a continuance to have it enhanced and amplified. The matter was continued for this purpose.
When the hearing recommenced, the judge declared a mistrial. He recounted how he had had a private conversation with an officer of the San Jose Police Department concerning the poor quality of the tape in this case, the mechanics of how this tape was prepared, and the standard procedures on taping interviews with criminal suspects. The judge further said he was aware the parties learned about this conversation and "there was a story that somehow the court went out of its way to contact the police department pending this action."
The judge acknowledged that under the canons of judicial ethics, it was improper for him to discuss the case, and he apologized to the parties for doing so. He further apologized because under the circumstances, he had to unilaterally disqualify himself from the case under section 170.1, subdivision (a)(6)[3]. He found recusal necessary because "there is a substantial doubt as to [his] capacity to be impartial," his own feelings of impartiality were *525 suspect, and doing so "would further the interests of justice." (§ 170.1, subd. (a)(6).)

Discussion
(1) Both the United States and California Constitutions prohibit placing a defendant twice in jeopardy for the same offense. (U.S. Const., 5th Amend.; Cal. Const., art. I, § 15.) The "`protection against double jeopardy applies to juvenile offenders as well as to adults.' [Citation.] Jeopardy attaches in a juvenile delinquency proceeding `when the first witness is sworn at the adjudicatory phase of the jurisdictional hearing.' [Citation.] Thereafter, a juvenile cannot be retried unless there is a mistrial. [Citation.]" (In re Pedro C. (1989) 215 Cal. App.3d 174, 180 [263 Cal. Rptr. 428]; Breed v. Jones (1975) 421 U.S. 519, 529-531 [95 S.Ct. 1779, 1785-1787, 44 L.Ed.2d 346]; Richard M. v. Superior Court (1971) 4 Cal.3d 370, 375-377 [93 Cal. Rptr. 752, 482 P.2d 664].) Even then, the juvenile cannot be retried "unless the mistrial was consented to or there was legal necessity for the declaration of a mistrial." (In re Henry C. (1984) 161 Cal. App.3d 646, 651 [207 Cal. Rptr. 751], italics added; Curry v. Superior Court (1970) 2 Cal.3d 707, 712-713 [87 Cal. Rptr. 361, 470 P.2d 345]; T.P.B. v. Superior Court (1977) 66 Cal. App.3d 881, 884 [136 Cal. Rptr. 311].)
(2) Here, the minor did not consent to retrial after the juvenile court judge disqualified himself and declared a mistrial.[4] Thus, the issue is whether further proceedings were justified by "legal necessity."
Citing Larios v. Superior Court (1979) 24 Cal.3d 324 [155 Cal. Rptr. 374, 594 P.2d 491], Curry v. Superior Court, supra, 2 Cal.3d at pages 712-713 and Scott v. Municipal Court (1971) 17 Cal. App.3d 885 [95 Cal. Rptr. 460], the minor contends that "legal necessity" is narrowly defined to include only "`physical causes beyond the control of the court,' such as the death, illness, or absence of a judge, juror, or defendant" and that "[p]rocedural errors," presumably including the juvenile court judge's improper conversation and declaration of inability to be impartial, "during the course of the trial, regardless with [sic] how egregious, are not legal necessity." We disagree.
T.P.B. v. Superior Court, supra, 66 Cal. App.3d 881, is directly on point. There, during voir dire of a police officer by the minor's counsel, the judge *526 disqualified himself because of an inability to fairly and impartially consider the evidence. He declared a mistrial, and further proceedings were commenced before a different judge. On appeal, the court rejected a claim identical to that asserted here. The court explained when the judge declared an inability to be fair and impartial, disqualification was mandatory.[5] (66 Cal. App.3d at p. 885.) The court further pointed out that because acts by a disqualified judge are "absolutely void whenever brought into question and a judgment rendered by such judge is open to attack at any time[,]" the only permissible act for a judge who must disqualify him or herself is to declare a mistrial. (Id. at pp. 885-886.) The court explained that such disqualification is not merely an error of law or procedure but involves the judge's jurisdiction to proceed. Accordingly, the mistrial was based on "legal necessity," and therefore, further proceedings were not barred by principles of double jeopardy. (Id. at p. 886; accord, In re Henry C., supra, 161 Cal. App.3d 646 [following T.P.B.], review den. Jan. 17, 1985.)
As here, the minor in T.P.B. relied on Scott v. Municipal Court, supra, 17 Cal. App.3d 885. In Scott, while the trial judge was summarizing the evidence, defense counsel objected to consideration of certain conversations, involving another woman who had been charged with a similar offense on the same occasion, and said that this other woman had been acquitted by another judge. The trial judge rebuked counsel for making this statement. It said that because of it he could no longer render an impartial decision. The court then declared a mistrial. On appeal, the court first noted the explanation of "legal necessity" in Curry v. Superior Court, supra, 2 Cal.3d 707. It concluded that the trial court's inability to be impartial did not constitute "legal necessity," implying instead that the circumstances revealed only an error of law and/or procedure. (17 Cal. App.3d at pp. 887-888.)
In T.P.B., the People argued that Scott was wrongly decided, but the court chose to distinguish, rather than disagree with, Scott on the ground that the mistrial was declared after submission of the case and not, as in T.P.B., before submission. (66 Cal. App.3d at p. 885.)
*527 The minor here argues, and we agree, that the court in T.P.B. stated a distinction without a difference: Declaring mistrial before or after submission is irrelevant on the issue of "legal necessity." However, we find that Scott read Curry and interpreted "legal necessity" too narrowly and also failed to recognize the duty of a court to disqualify itself upon determining that it cannot be fair and impartial.
In Curry, highly prejudicial evidence was admitted at trial without objection. The trial court sua sponte found that neither the People nor the defendant could receive a fair trial and on its own motion declared a mistrial. (Curry v. Superior Court, supra, 2 Cal.3d at p. 712.) On these facts, double jeopardy clearly barred reprosecution. The Supreme Court noted that the defendant did not consent to the mistrial. Moreover, "... there was no `legal necessity'  as that concept has been limited in our decisions  for the court to declare a mistrial and discharge the jury without petitioners' consent." (Id. at p. 713.) The court then explained that "[i]n California, legal necessity for a mistrial typically arises from an inability of the jury to agree [citations] or from physical causes beyond the control of the court [citations], such as the death, illness, or absence of judge or juror [citations] or of the defendant [citations]. A mere error of law or procedure, however, does not constitute legal necessity. [Citations]." (Id. at pp. 713-714.)
In our view, the admission of evidence upon which the trial court in Curry declared a mistrial constituted, at most, legal error. Moreover, given the factual context of Curry, we do not read the court's list of types of "legal necessity" to be exclusive. Nor do we read Curry as prohibiting courts from finding "legal necessity" in circumstances other than those enumerated. Thus, we decline to follow Scott and consider T.P.B. better reasoned and correct.
The minor's reliance on Larios v. Superior Court, supra, 24 Cal.3d 324 does not persuade us otherwise. In Larios, the court discharged a juror for misconduct. When the defendant declined to proceed with an 11-person jury, the court, without seeking his consent, declared a mistrial. The Supreme Court concluded that principles of double jeopardy barred further proceedings because the mistrial was involuntary and not based on "legal necessity." As the court in In re Henry C., supra, 161 Cal. App.3d 646 explained, "In Larios, the trier of fact was the jury and a juror obtained information outside the judicial proceedings which caused him to be biased and prejudiced against the defendant. In the instant case the judge was the trier of fact. In Larios, it was the petitioner's decision whether the extent of prejudice on the part of one juror was such that he, petitioner, should or should not consent to the court's declaration of a mistrial. Here, the trial judge was precluded by *528 the express language of Code of Civil Procedure [former] section 170, subdivision (a)(5), from proceeding with the hearing. In light of his announced bias and prejudice he was required to disqualify himself. By definition, he could no longer be a `judge' in this case. This clearly constituted a legal necessity for an order of mistrial and the second jurisdictional hearing did not violate the constitutional prohibition against double jeopardy." (Id. at p. 654.)
Here, the juvenile judge properly disqualified himself as required under section 170.1, subdivision (a)(6). Clearly, he was in the best position, as the fact finder, to evaluate his own ability to be impartial. Under the circumstances, therefore, we conclude that his self-disqualification compelled the mistrial and thus, as a matter of "legal necessity," prevented the case from proceeding.

Disposition
The jurisdictional and dispositional orders are affirmed.
Elia, Acting P.J., and Mihara, J., concurred.
NOTES
[1] Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.
[2] We need not summarize the facts underlying allegations of sexual battery. Instead we recount only the circumstances surrounding the court's self-disqualification and declaration of mistrial.
[3] Section 170.1 provides, in relevant part, "(a) A judge shall be disqualified if any one or more of the following is true: ... [¶] ... [¶] (6) For any reason (A) the judge believes his or her recusal would further the interests of justice, (B) the judge believes there is a substantial doubt as to his or her capacity to be impartial, or (C) a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial. Bias or prejudice towards a lawyer in the proceeding may be grounds for disqualification." (Italics added.)
[4] "A defendant may waive the double jeopardy protection by consenting to the declaration of mistrial but such consent must clearly appear from the affirmative conduct of the defendant." (T.P.B. v. Superior Court, supra, 66 Cal. App.3d at p. 884, fn. 2.) The People do not suggest that the minor affirmatively consented to the mistrial by word or deed. We note, however, that the minor did not object when the judge disqualified himself.
[5] Upon a finding of bias, prejudice, or inability to be impartial, disqualification is mandatory. (See Taylor v. Hayes (1974) 418 U.S. 488, 501 [94 S.Ct. 2697, 2704-2705, 41 L.Ed.2d 897]; Say & Say, Inc. v. Ebershoff (1993) 20 Cal. App.4th 1759, 1764 [25 Cal. Rptr.2d 703]; see also Pacific etc. Conference of United Methodist Church v. Court (1978) 82 Cal. App.3d 72, 84 [147 Cal. Rptr. 44] [judge may not properly try case where he formed partisan opinions from outside sources]; cf. McCartney v. Commission on Judicial Qualifications (1974) 12 Cal.3d 512, 531-532 [116 Cal. Rptr. 260, 526 P.2d 268] [disapproved on other grounds in Spruance v. Commission on Judicial Qualifications (1975) 13 Cal.3d 778, 799, fn. 18 (119 Cal. Rptr. 841, 532 P.2d 1209)] [given timely and factually sufficient affidavit of prejudice by party, disqualification mandatory under § 170.6]; Le Louis v. Superior Court (1989) 209 Cal. App.3d 669, 676 [257 Cal. Rptr. 458] [same].)