Filed 4/4/13  P. v. Ramos CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062367 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD228658) |
| JESUS RAMOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

A jury found Jesus Ramos guilty of possession of child pornography, and the trial court found true allegations Ramos had two prior convictions of committing a lewd act on a child under the age of 14.  For the current conviction, the court imposed a prison sentence of 25 years to life under the "Three Strikes" law.  Ramos contends the court abused its discretion in refusing to dismiss the allegations concerning at least one of his prior lewd act convictions, and the sentence violates constitutional prohibitions against

double jeopardy and cruel and/or unusual punishment. We reject these contentions and affirm the judgment.

## I.

## FACTUAL BACKGROUND

While Ramos was on parole and subject to a waiver of his Fourth Amendment rights, his parole officer searched his car and found two video game devices with Internet capabilities. Ramos told the parole officer he "might find multiple pornographic images" on the devices, "some involving kids." The memory stick of one of the devices contained four images of young girls performing fellatio on adult men and one image of a young girl licking the breasts and touching the vulva of another young girl. The memory stick also indicated the device had been used to access Web sites featuring child pornography.

## II.

## PROCEDURAL BACKGROUND

The People charged Ramos with felony possession of child pornography. (Pen. Code, § 311.11, subd. (a).) They alleged Ramos had two prior convictions of committing a lewd act on a child under the age of 14 years (*id.*, § 288, subd. (a)), which constituted strikes under the Three Strikes law (*id.*, §§ 667, subds. (b)-(i), 1170.12); and a prior conviction of a drug offense (Health & Saf. Code, § 11377, subd. (a)), for which Ramos served a prison term (Pen. Code, § 667.5, subd. (b)). The People also alleged these prior convictions, as well as a prior conviction of possession of a firearm by a felon (*id.*, former § 12021, subd. (a)(1)), made Ramos ineligible for probation for the current offense (*id.*, § 1203, subd. (e)(4)).

2

A jury found Ramos guilty of possession of child pornography. In a bifurcated bench trial, the court found true the allegations concerning Ramos's prior convictions.

After the trial but before sentencing, Ramos moved the trial court to dismiss the allegations concerning his prior strike convictions. Ramos argued the court should dismiss the allegations because he was cooperative with law enforcement in connection with the current offense; he admitted he needed help; his prior strike convictions were 12 years old; his prior crimes were not violent; he is not a danger to society; and he is remorseful. Attached to the motion were letters from 10 family members urging the court to exercise leniency in sentencing Ramos and to give him a chance to rehabilitate.

The People opposed Ramos's motion. They argued the prior strike conviction allegations should not be dismissed because the current conviction indicates Ramos's continuing tendency to exploit children for his own sexual gratification; the prior convictions were not remote; Ramos had been convicted of two felonies (possession of methamphetamine and possession of a firearm by a felon) and sent to prison in the time between the prior strike convictions and the current conviction; and the prior strike convictions were "egregious and disturbing."

At the sentencing hearing, the court stated it had read and considered the probation report and the parties' submissions regarding sentencing. After hearing counsel's arguments and a brief plea from Ramos "to have a chance to rehabilitate," the court stated as follows:

> "[T]he court must consider whether dismissal is in furtherance of justice considering both the defendant's constitutional rights and the interest of society represented by the People, and the court is to consider in particular

3

Mr. Ramos's background, the nature of the present offenses and other individualized considerations to determine whether Mr. Ramos falls within the spirit of the Three Strikes law.

"And the court has taken into consideration to a great deal the defense request to allow Mr. Ramos the opportunity for rehabilitation. However, Mr. Ramos has had that opportunity. And if this were a case where there [were] the initial two offenses which created the strike offenses, the child molestation and then this were the next offense and there . . . was no criminal conduct in between, there was no opportunity being on probation in between to get treatment, to get the rehabilitative services that he's now requesting, it would be a very different case.

"But here what the court has is a significant period of time since his first convictions for the strikes in 2000 in which Mr. Ramos had that opportunity. And although Mr. Ramos stated to his parole officer that the reason he was using the photographs of the young children was so that he wouldn't touch young children, I don't think it should be lost that this is still a victim crime. There were young children that were used and were abused in order to create those images. And without a demand for those images, young children would not continue to be abused in that way. So there are victims involved. It may not be victims that Mr. Ramos touched, but they are victims that other people touched and there was a demand, including by Mr. Ramos, for those photographs.

"So the court does not believe in this situation, where Mr. Ramos had two other criminal convictions between the time of his original strike convictions for the child molestation and the present conviction, that his case falls outside the spirit of the Three Strikes law. There is a clear pattern of recidivism and then an ability to take advantage of the rehabilitative opportunities that have been provided."

The court therefore refused to dismiss the allegations concerning Ramos's prior strike convictions and imposed a sentence of 25 years to life in prison for the current conviction pursuant to the Three Strikes law. (Pen. Code, §§ 667, subd. (e)(2)(A)(ii), 1170.12, subd. (c)(2)(A)(ii).) The court also imposed a consecutive one-year prison term for Ramos's prior conviction of methamphetamine possession for which a prison term had been imposed. (*Id.*, § 667.5, subd. (b).)

4

DISCUSSION

Ramos argues the trial court abused its discretion by refusing to dismiss the allegations concerning at least one of his prior convictions of committing a lewd act on a minor. He also argues his prison sentence constitutes unconstitutionally cruel and/or unusual punishment and violates the double jeopardy clause of the federal Constitution. As we shall explain, these arguments have no merit.

A.      *The Court Did Not Abuse Its Discretion by Refusing to Dismiss the Allegations Concerning Ramos's Prior Strike Convictions*

Ramos argues that "[u]nder the relevant factors, the trial court abused its discretion in refusing to strike one or both of [his] strike priors." We disagree.

A trial court may dismiss prior felony conviction allegations in cases prosecuted under the Three Strikes law when dismissal is "in furtherance of justice." (Pen. Code, § 1385, subd. (a); see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530.) "[T]he law creates a strong presumption that any sentence that conforms to [its] sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) In deciding whether to dismiss prior conviction allegations, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review a trial court's refusal to dismiss prior conviction

5

allegations for abuse of discretion. (*People v. Carmony*, *supra*, at p. 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

There was no abuse of discretion here. The trial court's statements at the sentencing hearing indicate awareness that it had discretion to dismiss the allegations of the prior strike convictions and the factors it was to consider in exercising that discretion. Various mitigating and aggravating factors were presented in the probation report (which the trial court read and signed), the parties' sentencing memoranda, and counsel's arguments and Ramos's statement at the sentencing hearing. These sources presented no "'extraordinary [circumstances] by which [Ramos] can be deemed to fall outside the spirit of the very scheme within which he squarely [fell] once he committ[ed] a strike as part of a long and continuous criminal record.'" (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) To the contrary, Ramos's refusal to address his aberrant sexual behavior and his repeated commission of crimes involving exploitation of children, on which the trial court expressly relied, supported its conclusion that Ramos fell within the spirit of the Three Strikes law. (See *ibid.* [that defendant had "done little to address his substance abuse problems," which contributed to prior convictions, supported trial court's refusal to dismiss prior strike conviction allegations]; *People v. Strong* (2001) 87 Cal.App.4th 328, 344 [multiple convictions for same type of offense brought defendant within spirit of Three Strikes law].) Where, as here, the record indicates the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the Three Strikes law, we must affirm its ruling. (*People v. Carmony*, *supra*, at p. 378.)

6

B.      *Ramos's Prison Sentence Does Not Violate Constitutional Prohibitions Against Cruel and/or Unusual Punishment or Double Jeopardy*

Ramos also argues the prison sentence of 25 years to life "is so grossly disproportionate to the current offense of possession of child pornography, which involved no violence or physical harm," that it "violates the state and federal prohibitions against cruel and/or unusual punishment." He also argues "[r]eliance on the prior offenses as the sole basis for an increase in punishment offends the Double Jeopardy Clause of the United States Constitution." Again, we disagree.

1.      *Forfeiture*

As an initial matter, the People correctly note that Ramos did not preserve his constitutional challenges to the sentence for appellate review. A claim that a prison sentence constitutes cruel and/or unusual punishment is forfeited on appeal if the claim was not raised in the trial court. (*People v. Russell* (2010) 187 Cal.App.4th 981, 993.) Also, "failure to interpose a plea of double jeopardy in the trial court waives the defense and it cannot be raised for the first time on appeal." (*In re Henry C.* (1984) 161 Cal.App.3d 646, 648-649.) Nevertheless, to forestall a claim of ineffective assistance of counsel based on forfeiture, we consider the merits of Ramos's constitutional challenges. (See, e.g., *People v. Daniels* (2012) 208 Cal.App.4th 29, 31; *Russell*, at p. 993.)

2.      *Cruel and/or Unusual Punishment*

The federal Constitution prohibits imposition of punishment that is "cruel and unusual." (U.S. Const., 8th Amend.; see *Robinson v. California* (1962) 370 U.S. 660, 666-667 [holding 8th Amend. applies to states through 14th Amend.].) The state

7

Constitution provides: "Cruel or unusual punishment may not be inflicted or excessive fines imposed." (Cal. Const., art. I, § 17.) "Whereas the federal Constitution prohibits cruel 'and' unusual punishment, California affords greater protection to criminal defendants by prohibiting cruel 'or' unusual punishment." (*People v. Haller* (2009) 174 Cal.App.4th 1080, 1092 (*Haller*).) Both Constitutions "preclude punishment that is disproportionate to a defendant's individual culpability." (*People v. Webb* (1993) 6 Cal.4th 494, 536.)

Ramos's sentence does not violate the federal Constitution's ban on cruel and unusual punishment. "[T]he Eighth Amendment contains a 'narrow proportionality principle,' that 'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are "grossly disproportionate" to the crime.'" (*Graham v. Florida* (2010) 560 U.S. ___, ___ [176 L.Ed.2d 825, 836, 130 S.Ct. 2011, 2021].) "Recidivism has long been recognized as a legitimate basis for increased punishment." (*Ewing v. California* (2003) 538 U.S. 11, 25 (lead opn. of O'Connor, J.).) "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." (*Rummel v. Estelle* (1980) 445 U.S. 263, 272; accord, *Ewing*, at p. 21 (lead opn. of O'Connor, J.).) Applying these principles, the high court rejected federal constitutional challenges to prison terms of 25 years to life imposed under the Three Strikes law on defendants whose latest convictions were for theft offenses. (*Lockyer v. Andrade* (2003) 538 U.S. 63, 68, 77 [petty theft with prior convictions of petty theft and burglary]; *Ewing*, at pp. 29-31 (lead opn. of O'Connor, J.) [grand theft with prior convictions of robbery and burglary].) If a prison sentence of 25

8

years to life is not grossly disproportionate to the property crimes considered in *Lockyer* and *Ewing*, it is not grossly disproportionate to the sex crimes at issue in this case, which involved abuse and exploitation of vulnerable young children. (Cf. *People v. Diaz* (1996) 41 Cal.App.4th 1424, 1428, 1431 [rejecting cruel and unusual punishment challenge to aggregate prison sentence of 30 years to life imposed for current conviction of child molestation when defendant had two prior child molestation convictions].)

For the same reasons, Ramos's sentence does not violate the state Constitution's ban on cruel or unusual punishment. A prison sentence violates that ban if "it is so disproportionate to the crime for which it is inflicted that is shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424; see also *People v. Dillon* (1983) 34 Cal.3d 441, 450 ["a punishment is impermissible if it is grossly disproportionate to the offense as defined or as committed, and/or to the individual culpability of the offender"].) "As under the federal standard, a defendant's history of recidivism . . . justifies harsh punishment" (*People v. Meeks* (2004) 123 Cal.App.4th 695, 709 (*Meeks*)); and successful challenges to proportionality " 'have occurred with exquisite rarity in the case law'" (*People v. Em* (2009) 171 Cal.App.4th 964, 972; see also *People v. Ruiz* (1996) 44 Cal.App.4th 1653, 1662 ["Habitual offender statutes have long withstood the constitutional challenge of cruel or unusual punishment."]). Applying these principles, courts have upheld prison sentences of 25 years to life imposed under the Three Strikes law for current nonviolent offenses in cases involving comparable, and perhaps less serious, criminal culpability than that involved here. (See, e.g., *People v. Nichols* (2009) 176 Cal.App.4th 428, 430, 431-432, 437

9

[failure to register as sex offender with prior convictions of robbery and forcible oral copulation]; *People v. Romero* (2002) 99 Cal.App.4th 1418, 1423, 1424, 1432 [petty theft with prior convictions of burglary and lewd conduct with child under age 14].)  Under these circumstances, Ramos has not shown his prison sentence "offends fundamental notions of human dignity" or "shocks the conscience." (*People v. Kinsey* (1995) 40 Cal.App.4th 1621, 1631.)[1]

2. *Double Jeopardy*

The double jeopardy clause of the federal Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." (U.S. Const., 5th Amend.; see *Benton v. Maryland* (1969) 395 U.S. 784, 794 [holding double jeopardy clause applicable to states through 14th Amend.].)  The clause prohibits, among other things, the imposition of more than one punishment for the same offense.  (E.g., *Witte v. United States* (1995) 515 U.S. 389, 395-396.)  The United States Supreme Court repeatedly has held that statutes punishing repeat offenders more harshly than first-time offenders do not violate the double jeopardy clause.  (See, e.g., *Gryger v. Burke* (1948) 334 U.S. 728, 732 ["The sentence as a fourth offender or habitual criminal is not to be

---

[1]     Our conclusion that Ramos's prison sentence is not grossly disproportionate to his crime makes it unnecessary for us to consider his arguments that the sentence is cruel or unusual when compared to sentences imposed for other crimes in California or to those imposed for the same crime in other jurisdictions.  Although such intra- and interjurisdictional comparisons are relevant to a proportionality analysis (*In re Lynch*, *supra*, 8 Cal.3d at pp. 426, 427), "[i]t is only in the rare case where a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality that [those] criteria come into play." (*Meeks*, *supra*, 123 Cal.App.4th at p. 707; accord, *Haller*, *supra*, 174 CalApp.4th at p. 1088.)

viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."]; *Graham v. West Virginia* (1912) 224 U.S. 616, 623 ["The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted."]; *Moore v. Missouri* (1895) 159 U.S. 673, 678 ["the state may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offenses than for a first offense"].) Indeed, in a more recent case challenging a sentence under the Three Strikes law, the high court quoted *Gryger* and held: "An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" (*Monge v. California* (1998) 524 U.S. 721, 728; see also *McDonald v. Massachusetts* (1901) 180 U.S. 311, 313 [statute prescribing 25-year prison term for third felony conviction did not "put the accused twice in jeopardy for the same offense"].)

Based on these controlling decisions, we agree with our colleagues in the Fifth District that the Three Strikes law "do[es] not impose a second punishment for the first offense in violation of the double jeopardy clause of the United States Constitution." (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1520; accord, *People v. Eribarne* (2004) 124 Cal.App.4th 1463, 1469.) To the extent dictum in case law cited by Ramos

11

suggests otherwise (see *People v. Carmony* (2005) 127 Cal.App.4th 1066, 1080 ["double jeopardy clause prohibits successive punishment for the same offense"; "policy of the clause therefore circumscribes the relevance of recidivism"]), we decline to follow it.

DISPOSITION

The judgment is affirmed.

 

_____<br>IRION, J.

WE CONCUR:


_____
BENKE, Acting P. J.


_____
HALLER, J.