[Civ. No. 1294. Fifth Dist. Aug. 28, 1970.]

In re DALE S., a Person Coming Under the Juvenile Court Law.
CLIFTON MORRIS, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DALE S., Defendant and Appellant.

## Counsel

Melvin W. Magnus, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Nelson P. Kempsky, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**STONE, P. J.**—Appellant, a minor 18 years of age, was readjudged a ward of the juvenile court pursuant to a supplemental petition asserting that he came within the provisions of section 602 of Welfare and Institutions Code, in that he allegedly violated Vehicle Code section 10851 (taking a vehicle without the owner's consent). A hearing was had before a duly appointed referee of the juvenile court of the County of Kern. The county probation officer recommended that appellant be committed to the California Youth Authority. The referee ordered that he remain in the custody of the probation department and that he be committed to Kern County's Camp Owen. Since the order would deprive the parents of the custody of the minor, approval of the order by a judge of the juvenile court was obtained as required by Welfare and Institutions Code section 555.

Appellant's parents applied for a rehearing, pursuant to Welfare and Institutions Code section 558. A rehearing de novo was had before a juvenile court judge, who set aside the order of the referee and committed the minor to California Youth Authority. This appeal is from the order of the juvenile court judge.

Appellant contends that Welfare and Institutions Code sections

553 through 560, which provide for the appointment of a referee to act in the place and stead of a juvenile court judge and for a rehearing de novo on application of the minor, his parent or guardian, or by the court on its own motion, are unconstitutional. Appellant challenges the constitutionality of the code sections upon the general grounds they are vague and indefinite, and that to permit a rehearing de novo by a juvenile court judge, following an order in the same proceeding by a referee, constitutes double jeopardy. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 13.)

Precisely these questions were at issue in the case of *In re Bradley*, 258 Cal.App.2d 253 [65 Cal.Rptr. 570], wherein the court held these code sections offend neither the United States Constitution nor the California Constitution. However, appellant contends that *Bradley* does not settle the constitutional question of double jeopardy because the facts of the two cases are not identical; the referee dismissed the charges against the minor in *Bradley* and consequently the order was not approved by a judge of the juvenile court.

The thrust of appellant's argument is that here, when the juvenile court judge, pursuant to Welfare and Institutions Code section 555,[1] approved the order committing appellant to Camp Owen there was a valid order of commitment, and to thereafter reopen the case for a rehearing de novo placed him in jeopardy a second time.

■ The Attorney General argues that appellant may not raise the question of double jeopardy on appeal because he did not raise it at the time of the rehearing de novo. While the minor did not use the term "double jeopardy," he did object to the rehearing and to any change in the order committing him to Camp Owen; the import of his objection was to being placed in jeopardy a second time. A waiver of double jeopardy should not be taken so lightly in a juvenile proceeding; it is enough that the minor expressed the substance of a constitutional right, even though in imprecise language. Informality is maintained where feasible in juvenile court to remove a minor from the atmosphere of adult criminal court, and it seems inconsistent to hold that a juvenile must speak in legal tongue when expressing an objection that carries constitutional overtones. Accordingly on this appeal we discuss the minor's objection to the rehearing de novo in the posture of double jeopardy.

■ The petition charged appellant with the commission of a crime and under the authority of *In re Gault*, 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], which holds that a juvenile accused of crime is entitled to the pro-

---

[1]Section 555 provides: "No order of a referee removing a minor from his home shall become effective until expressly approved by a judge of the juvenile court."

tection of the Fifth Amendment to the United States Constitution, and under the rationale of *In re Winship,* 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068], jeopardy attached when the juvenile hearing commenced before the referee. (*Smith* v. *Superior Court,* 5 Cal.App.3d 260 [85 Cal. Rptr. 208]; 1 Witkin, Cal. Crimes (1963) p. 175 et seq.) ▇▇▇ Whether appellant was placed in jeopardy a second time for the same offense depends upon the finality of the first order, that is, whether the rehearing de novo was a new proceeding or was a continuation of the original proceeding. In examining the import of the referee's order, we first note that the office of referee was created by statute pursuant to authority vested in the Legislature by article VI, section 22,[2] of the California Constitution, and the Legislature defined the duties and powers of the office. As to the finality of a referee's order, Welfare and Institutions Code section 558 provides that a minor or his parent or guardian may apply for a rehearing before a juvenile court judge, and section 559 provides that: "A judge of the juvenile court may, on his own motion, order a rehearing of *any* matter heard before a referee." (Italics added.)

It is clear from the foregoing that every proceeding before a referee is subject to a rehearing and, a fortiori, every *order* of a referee is subject to being modified or vacated by an order of a juvenile court judge upon rehearing. It follows that if the referee's order does not become final, as in this case, because a rehearing is granted pursuant to section 558 or 559, the rehearing de novo does not place the minor in jeopardy a second time; the rehearing is a part of the original proceedings.

Appellant argues that because a judge of the juvenile court approved the referee's order taking him from the custody of his parents as required under section 555, the order in his case was final. Not so; the approval of a referee's order under section 555 is a safeguard against summary removal of the child from the custody of his parent or guardian. Approval of the order is not grounded upon a rehearing on the merits, it is merely an evaluation of the custody aspect of the order, keeping in mind that an application for a rehearing may be filed by a parent or guardian of the child. (§ 558.) Otherwise the referee's order would become effective immediately, under section 556, and the child would be subjected to the psychological trauma of a change of custody which might be reversed if a rehearing is granted.

It appears to us that it was the legislative intent in providing for the right to apply for a rehearing, to insure that a child, his parent or guardian,

---

[2] Article VI, section 22, reads: "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties."

▇▇▇

has that safeguard in every case heard before a referee. In short, we conclude that any order of a referee, approved or not, is conditional until the time for granting a rehearing pursuant to section 558 has elapsed. And where a rehearing is granted, as here, the referee's order becomes a nullity and there is no double jeopardy.

■ There remains appellant's contention that the trial judge abused his discretion in committing him to the Youth Authority, rather than to Camp Owen, upon the ground he needed the kind of counseling available at the Youth Authority level. Appellant argues there is nothing in the record to indicate that he needed such counseling. The argument overlooks that the record does reveal that on three occasions, the first on July 15, 1968, and the last on August 28, 1969, appellant was adjudged by the juvenile court to have come under the provisions of Welfare and Institutions Code section 601 or 602. The record also reflects that the bases for the adjudications were the conduct of the minor in running away from home and remaining away for more than four days without parental consent or parental knowledge of his whereabouts, possession of marijuana, and theft of a Honda motorcycle. In addition, the record reveals that appellant had been placed in custody in 1965 as a runaway and for committing a burglary; that he had committed several thefts; that he admitted using LSD; that he had been involved in the use and sale of marijuana and other dangerous drugs; that he constantly violated the terms of probation; that he habitually refused to obey those in control over him; that he resents all authority and has "a great hatred of anyone who tries to place controls upon him."

The order is affirmed.

Gargano, J., and Coakley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 22, 1970.