[Sac. No. 7883. In Bank. Mar. 24, 1971.]

RICHARD M., a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Paul N. Halvonik, Charles C. Marson and R. Russ Peterson for Petitioner.

No appearance for Respondent.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Doris H. Maier, Assistant Attorney General, and Arnold O. Overoye, Deputy Attorney General, for Real Party in Interest.

## OPINION

McCOMB, J.—Richard M., a minor, through his guardian ad litem, seeks a writ of prohibition to restrain the Superior Court of the County of Shasta, sitting as a juvenile court, from conducting a jurisdictional hearing upon a petition alleging that he comes within the provisions of Welfare and Institutions Code section 602[1] because of a violation of Vehicle Code section 10851 (grand theft of a motorcycle). He urges that a hearing has already been held on a prior petition containing the identical charge, that the court found that the allegations of that petition were not sustained and ordered it dismissed, that that decision was final, and that it operated as an acquittal. He therefore contends that the double jeopardy clause of the Fifth Amendment bars a hearing on the pending second petition.

The original petition was filed on May 20, 1970, by Deputy Probation Officer Frank Sauer. The present petition was filed August 31, 1970. Each contained identical allegations, namely, that the minor, aged 16, took a Suzuki motorcycle bearing California License No. 824787 from the rear of Farmers Market on Shasta Dam Boulevard in the town of Central Valley, County of Shasta; that the vehicle was the property of Jerry Johnson and was taken without his consent and with the intent of depriving him of the possession thereof; and that the minor comes within the provisions of section 602. Each petition asks that the minor be dealt with as provided in the "Juvenile Court Law" (§§ 590-914, incl., Welf. & Inst. Code). Citation to appear and notice of hearing were furnished to the parents of the minor and they were advised of the minor's right to counsel. Hearing on the original petition was set for and held on June 15, 1970.

At that hearing an uncontested hearing was anticipated and there were present, in addition to juvenile court personnel, only Probation Officer Sauer, the minor and his parents. Hearing was before the judge. The proceedings were reported as required by section 677. The judge advised the minor of the contents of the petition and of his right to counsel and he ascertained that the minor did not wish to be represented by counsel.[2] Then, without swearing the minor he proceeded to examine him as to the circumstances attending the taking of the motorcycle. The minor admitted the theft but explained in considerable detail the circumstances and the .

---

[1]Section 602 provides in pertinent part that "Any person under the age of 21 years who violates any law of this State . . . defining crime . . . is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." All references, unless otherwise indicated, are to the Welfare and Institutions Code.

[2]The minor stated: "I don't think it would be any use in having one [an attorney], because it is just my word." The judge apparently accepted this as an adequate reason for not appointing counsel.

reasons, claiming that he was forced to take the motorcycle against his will by an older boy who threatened him with a knife. The parents, also not sworn, stated the reasons why they believed their son's story. At the conclusion the judge indicated that the ward's testimony was consistent with the story he had originally told to the owner, Mr. Johnson, to the highway patrol and to his parents; that the probation officer found it difficult to believe the minor's story; but that to the court "he [the minor] seemed to be rather detailed about the events, as though he actually recalls what happened, rather than making up some kind of story, and I would hate to have it on my conscience that it may really have occurred the way it happened and I didn't believe him." The judge stated that he was not convinced beyond a reasonable doubt that the minor did, in fact, steal this property.

The probation officer then asked for a week's continuance, to bring in Mr. Johnson, stating "Maybe he could shed some other light on what happened that is not in the police report. I don't know. If he was inside the store he may be able to offer some—give us some idea of the other person." This apparently related to identification of the older boy implicated by the minor in this theft. The minor had testified that the other boy was a stranger to him. There was evidence (statements by the minor and his mother) that the authorities had taken minor's friends to the store to be identified and to a 9-year old Boy Scout, Jack Crouch, who had seen the two boys on the day in question, and that none of them was the person sought. There was evidence (statement of minor) that the owner of the motorcycle had seen the other boy only for a split second, and in the act of running away, at the time he apprehended the minor. The court asked the minor "Did you tell Mr. Johnson the same—how this all occurred" and the minor responded "Yes," and also responded "Yes" to the question whether he had told the same story to the highway patrolman. The court then questioned "I think he has consistently told the story right to begin with to Mr. Johnson and the highway patrol?" and the probation officer answered "Yes." The judge did not grant the continuance. Instead he stated that he was not satisfied beyond a reasonable doubt, that it was evenly balanced in his mind, and that he was going to have to find that the petition was not sustained. The minute order states "THE COURT FINDS that the allegations are not sustained and the Petition is ordered dismissed."

After the second juvenile petition was filed on August 31, the minor obtained the services of counsel. Counsel moved to dismiss the second petition on the grounds of acquittal and once in jeopardy. Several hearings were held on this motion. The district attorney took the position that jeopardy had not attached because the minor was not sworn; that the probation officer had anticipated that there would be an admission and had not there-

fore had any witnesses present; and that had there been any awareness that there was going to be a dismissal witnesses would have been called. He argued that there was not a full and fair hearing. He stated that a continuance had been requested and denied. The same judge heard the motion. He stated: "It is true that there was considerable colloquy between the court and the minor, and the minor's father for that matter. I do believe, though, that I proceeded in the matter rather precipitously . . . and that the probation officer apparently was, if not intimidated by the court, at least reacting to the court's findings, without being aware of what the situation was. I think he was entitled to a continuance for the purpose of presenting witnesses." He then denied the motion to dismiss.[3] A second jurisdictional hearing was set. On application of minor's counsel, this court issued an alternative writ of prohibition.

■ Prohibition is an appropriate remedy to prevent retrial once a defendant has been in jeopardy. (*Curry* v. *Superior Court* (1970) 2 Cal. 3d 707, 712 [1] [87 Cal.Rptr. 361, 470 P.2d 345]; see Witkin, Cal. Criminal Procedure (1963) p. 226; *idem*, 1 Cal. Crimes (1963) pp. 175 et seq.)

ISSUE: ■ *Was the minor placed in jeopardy, within the meaning of the constitutional protections against twice being placed in jeopardy for the same offense, in the June 15th proceedings?*

YES: ■ The Fifth Amendment's bar to double jeopardy is applicable to state proceedings by virtue of the Fourteenth Amendment. (*Benton* v. *Maryland* (1969) 395 U.S. 784, 795-796 [23 L.Ed.2d 707, 716-717, 89 S.Ct. 2056].) ■ Juveniles are entitled to the fundamental protection of the Bill of Rights in proceedings that may result in confinement or other sanctions, whether the state labels these proceedings "criminal" or "civil." (*In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]; *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428].) ■ In proceedings before the juvenile court juveniles are entitled to constitutional protections against twice being placed in jeopardy for the same offense. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 13; see 1 Witkin, *supra,* Cal. Crimes, pp. 175-177.) *People* v. *Silverstein* (1953) 121 Cal.App.2d 140, 142-143 [262 P.2d 656], and *In re Bradley* (1968) 258 Cal.App.2d 253 [65 Cal.Rptr. 570], hearing denied, are disapproved

---

[3] A subsequently filed affidavit, January 27, 1971, by Probation Officer Sauer, avers that he had discussed the case with the minor and his parents before the June 15, 1970, hearing but not with Mr. Johnson, that he was aware that the 9-year-old boy had reported the motorcycle as being stolen, that the minor admitted taking the motorcycle and did not desire the assistance of counsel, and that he fully anticipated an uncontested hearing. The People concede that Mr. Sauer did not interview either Mr. Johnson or the boy witness prior to the June 15 hearing. The affidavit alleges facts that these witnesses would testify to at a new hearing which would be incriminating to the minor and contradictory to his testimony.

insofar as they contain statements inconsistent with this opinion. (See also *In re Dale S.* (1970) 10 Cal.App.3d 952, 956 [89 Cal.Rptr. 499]; *In re Henley* (1970) 9 Cal.App.3d 924, 930-931 [88 Cal.Rptr. 458].)

■ The protection is not against being twice punished but against twice being put in jeopardy, and it applies whether the accused is convicted or acquitted. (*Kepner* v. *United States* (1904) 195 U.S. 100, 129 [49 L.Ed. 114, 124, 24 S.Ct. 797].) ■ A person is in legal jeopardy for an offense " 'when (1) placed on trial (2) for the same offense (3) on a valid indictment or information or other accusatory pleading (4) before a competent court (5) with a competent jury, duly impaneled and sworn and charged with the case; or, if the trial is by the court, it must be "entered upon." ' " (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 635 [85 Cal.Rptr. 501]; 1 Witkin, *supra,* Cal. Crimes (1963) p. 178; 21 Am. Jur. 2d 236.) ■ In a court trial jeopardy does not attach until the first witness has been sworn. (*People* v. *Sturdy* (1965) 235 Cal.App.2d 306, 314 [45 Cal.Rptr. 203].) ■ The court-trial analogy is pertinent here as a jury trial is inapplicable in juvenile proceedings. (*In re T.R.S.* (1969) 1 Cal.App.3d 178, 181-182 [81 Cal.Rptr. 574].)

■ The court below was of competent jurisdiction. The petition was sufficient in form and substance to sustain an adjudication of delinquency. The People actively prosecuted the charges by filing the petition and having the matter set for a jurisdictional hearing. Their explanation that they did not seek to be represented by the district attorney or to provide witnesses because they anticipated that the proceedings would be uncontested, indicates that they expected a hearing to be held, that the minor would waive an attorney, that only his admissions would be before the court, and that based thereon the court would make an adjudication of delinquency. They did not seek to have the petition dismissed before the hearing on the grounds of insufficiency of the evidence nor to supply evidence at the hearing in support of the petition. They must have known the exculpatory statements that the minor would give: the record indicates no change in the minor's story before or during the hearing. The court proceeded to examine the minor in the presence of his parents and they all testified. The minor was exposed to the possibility that an adjudication would be made; that the court might then proceed to the dispositional phase of the bifurcated juvenile court proceedings (§ 702); and that, since an uncontested hearing was anticipated that the social report and recommendations of the probation officer were prepared and available (§ 702). The minor was not immune from the possibility that the court would determine that he was not amenable to the programs available to the juvenile court and that it might direct that he be prosecuted under the applicable criminal statute (§ 707).

The probation officer made no objection to the manner in which the proceedings were conducted. He made no effort to cross-examine the minor or to have his testimony affirmed. When he requested a continuance to bring in the complaining witness, he made no showing why he had not produced him at the hearing or that he had any reasonable expectations of producing more incriminating evidence if a continuance were granted. Section 701 expressly authorizes a continuance not to exceed seven days to subpoena witnesses to attend the hearing to prove the allegations of the petition when it appears that the minor has made an extrajudicial confession or admission and denies the same at the hearing, but that is not the situation presented at the June 15th hearing. No abuse of discretion by the court in denying the motion for continuance has been shown by the People. The determination of the judge, made at the hearing on the motion to dismiss the second petition based on the defense of once in jeopardy, that he had acted precipitously in denying the continuance, comes too late.

No specific determination was made by the court on the motion to dismiss that jeopardy had not attached in the prior hearing because the minor was not sworn. ■ Unsworn testimony does not constitute a nullity. In *People* v. *Duffy* (1930) 110 Cal.App. 631 [294 P. 496], it was contended that because a witness had not been sworn no consideration could be given to his testimony. The court stated that " 'Where . . . a witness is permitted to testify without having been previously sworn and that fact is known at the time, the defect must be taken advantage of at once and a failure to do so is such acquiescence in the testimony as will preclude objection after verdict.' " (At pp. 635-636, quoting from Ann. Cas. 1912D pp. 570, 572.)

■ There is no statutory requirement that the minor be sworn in uncontested proceedings before the juvenile court. ■ This court takes judicial notice that the usual practice in uncontested juvenile court proceedings in this state is not to swear the juvenile. The judge is given control of the proceedings and, except where there is a contested issue of fact or law, he is required to conduct the proceedings in an informal, nonadversary atmosphere with a view to obtaining the maximum cooperation of the minor upon whose behalf the petition is brought. (§ 680.) The veracity of a witness is always in question. The court recognized this when it stated "I don't really know whether to believe [the minor] or not to believe him, but I think it is evenly balanced in my mind, and in that regard I am going to have to find the petition is not sustained."

We are not presented with the question whether an adjudication of delinquency could have been sustained on the record before us (e.g., the minor was not advised of his right to remain silent, the only evidence was

his own admissions, insufficiency of the examination as to waiver of counsel, lack of confrontation of witnesses, etc.) We are considering here a final order,[4] based upon a finding of insufficiency of the evidence,[5] after a hearing on the merits.[6]

■ This dismissal was equivalent to an acquittal. Jeopardy attached and further hearing on the same act and offense by the same minor is barred by the constitutional protections against double jeopardy. The juvenile was exposed to a finding that he be made a ward of the court as sought by the People. He should not be exposed a second time because of procedural errors for which he was not responsible and because the People's case was inadequately presented.

The court below correctly applied the standard of proof which the United States Supreme Court has declared is applicable in juvenile court proceedings. ■ *In re Winship, supra,* 397 U.S. 358, decided March 31, 1970, holds that juveniles, like adults, are constitutionally entitled under the due process clause to *proof beyond a reasonable doubt at the adjudicatory stage when they are charged with an act which would constitute a crime if committed by an adult.* The provisions of section 701 of the Welfare and Institutions Code which read " . . . however, a preponderance of evidence, legally admissible in the trial of criminal cases, must be adduced to support a finding that the minor is a person described by Section 602" must be construed in the light of *Winship.*

The peremptory writ is granted.

Wright, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[4]Where the hearing is before a *referee* the order does not become final until after the expiration of the 10-day period allowed for rehearing in juvenile court proceedings (§§ 556-559, incl.) *In re Bradley* (1968) 258 Cal.App.2d 253 [65 Cal.Rptr. 570]; *In re Henley* (1970) 9 Cal.App.3d 924 [88 Cal.Rptr. 458]; *In re Dale S.* (1970) 10 Cal. App.3d 952 [89 Cal.Rptr. 499]. No rehearing is authorized after hearing by the judge.

[5]When a court dismisses an action pursuant to Penal Code sections 1383-1385, it must state the reasons for its action so that an appellate court may determine whether a proper exercise of discretion was shown. (*People* v. *Beasley, supra,* 5 Cal.App.3d 617, 637.) Pen. Code section 1385 specifically so requires. There is no similar requirement in the Welfare and Institutions Code.

[6]For dismissals on technical grounds not involving the merits, see 1 Witkin, California Crimes, pages 189-191, 206-207.