[Civ. No. 53527. First Dist., Div. Three. Apr. 7, 1982.]

In re WILLIAM B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM B., Defendant and Appellant.

COUNSEL

Thomas W. Perley, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BARRY-DEAL, J.**—On appeal from a judgment committing him to the California Youth Authority, appellant contends that reversible error occurred (1) in failure to obtain a stipulation authorizing the referee to conduct a jurisdictional hearing, and (2) in failure to provide him with a written order and explanation of his right to a rehearing. He also argues against the People's assertion that an award of conduct credits should be stricken. We affirm and strike the conduct credit.

The Supreme Court held in *In re Perrone C.* (1979) 26 Cal.3d 49, 57 [160 Cal.Rptr. 704, 603 P.2d 1300], "that absent a stipulation conferring judicial power, a juvenile court referee does not have authority under the California Constitution to conduct a jurisdictional hearing . . . based on a section 602 petition." The hearing of July 6, 1981, was not a jurisdictional hearing within the meaning of the rule of *Perrone C.* A jurisdictional hearing is a trial of contested issues. (See *In re Perrone C., supra*, 26 Cal.3d at p. 52.) ▪ Where, as here, the minor admits the allegations of the petition, the jurisdictional hearing is waived (Welf. & Inst. Code, § 657),[1] and the referee may immediately

---

[1] All statutory citations are to the Welfare and Institutions Code.

proceed to make appropriate findings and disposition. (See § 702; see generally Thompson, Cal. Juvenile Court Deskbook (Cont.Ed.Bar. 1981) § 8.32, p. 118, § 9.9, p. 162.) The referee's orders were approved by the judge. (§§ 249, 251.) It follows that appellant's assignment of error in this regard must be rejected.

As to the failure to provide appellant with a written order and explanation of his rehearing rights, the record reflects service on appellant's parent and counsel. Although section 248 and California Rules of Court, rule 1317(b)(2), required service on the minor as well, upon this record we find that any error was harmless. (See *In re Adolphus T.* (1979) 96 Cal.App.3d 642, 646 [158 Cal.Rptr. 186].)

We agree with the People's contention that the award of conduct credit must be stricken. (*In re Ricky H.* (1981) 30 Cal.3d 176, 185-190 [178 Cal.Rptr. 324, 636 P.2d 13]; *In re Terry S.* (1981) 121 Cal.App. 3d 87, 93 [174 Cal.Rptr. 54].)

The judgment (commitment to the Youth Authority) is modified by striking therefrom the granting of 59 days good conduct credit; as modified, the judgment is affirmed.

Scott, Acting P. J., and Feinberg, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1982. Bird, C. J., was of the opinion that the petition should be granted.