[No. B049096. Second Dist., Div. Four. Dec. 12, 1990.]

In re MITCHELL G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
MITCHELL G., Defendant and Respondent.

COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Eugene D. Travis, Deputy District Attorneys, for Plaintiff and Appellant.

Shunji Asari for Defendant and Respondent.

OPINION

EPSTEIN, J.—Pursuant to Welfare and Institutions Code section 800,[1] the People of the State of California appeal the juvenile court's order granting Mitchell G.'s motion to suppress (§ 700.1) and dismissing the section 602 petition.[2]

Because we find merit in the minor's argument that the constitutional prohibition against double jeopardy precludes further proceedings against him, we dismiss this appeal.

DISCUSSION

■   The constitutional proscription against twice being placed in jeopardy for the same crime (U.S. Const., 5th Amend.; Cal. Const. art. I, § 15) applies to juvenile proceedings. (*Breed* v. *Jones* (1975) 421 U.S. 519, 531 [44 L.Ed.2d 346, 356-357, 95 S.Ct. 1779]; *Jesse W.* v. *Superior Court* (1979) 26 Cal.3d 41, 44 [160 Cal.Rptr. 700, 603 P.2d 1296]; *Richard M.* v. *Superior Court* (1971) 4 Cal.3d 370, 375 [93 Cal.Rptr. 752, 482 P.2d 664].) In such proceedings, jeopardy attaches when the first witness is sworn. (*Richard M.* v. *Superior Court, supra*, 4 Cal.3d at p. 376.)

In this case, after the juvenile court announced that the minor's matter "is on calendar for a 700.1 motion and adjudication hearing," defense counsel inquired how the court wished to proceed regarding the motion. The following colloquy then transpired:

"THE COURT: You mean the motion as far as the adjudication is concerned?

---

[1] All statutory references herein are to the Welfare and Institutions Code unless otherwise noted.

[2] The minor was charged with two misdemeanors: carrying a loaded firearm in public (Pen. Code, § 12031, subd. (a)) and possessing live ammunition without written consent of a parent or guardian (Pen. Code. § 12101, subd. (b)).

"[DEFENSE COUNSEL:] Yes.

"THE COURT: I prefer to do them, that is if you would stipulate, that the testimony that is taken on the 700.1 motion be as to the adjudication also.

"[DEFENSE COUNSEL:] That is fine.

"THE COURT: All right."

Thereafter, Officer Jorge Gonzalez was sworn and testified. Following his testimony, the court sustained the motion to suppress evidence. The prosecution acknowledged that it could not proceed without the suppressed evidence, and the petition was dismissed by the court.

■ Respondent argues that his suppression motion "was heard by the court during the course of the adjudication hearing[,] . . . that jeopardy attached when Officer Gonzalez took the witness stand, and that the prohibition against double jeopardy precludes any future proceedings following dismissal of the petition." Section 800 upon which the People base their authority to appeal specifically provides that "no appeal by the people shall lie as to any count which, if the people are successful, will be the basis for further proceedings subjecting any person to double jeopardy in violation of the State or Federal Constitution."

The People "readily concede" that the stipulation is "*semantically* capable of being interpreted so as to indicate that the two motions were to be heard (and were, therefore, ultimately heard) simultaneously" and that, under this interpretation, the minor's argument is well taken. Appellant also maintains, however, that "it is equally apparent that the stipulation is *likewise semantically* capable of being interpreted so as to indicate that *after* the motion to suppress had (assumedly) been *concluded* by its denial, and the adjudication hearing had thus been commenced, the previously-adduced testimony could then be considered for the latter purpose." (Italics in original.) It is the latter of these two interpretations that appellant invites us to adopt. We decline the invitation because the language of the stipulation is not reasonably susceptible of the construction proffered by appellant. We cannot rewrite the stipulation in order to achieve the result desired by the People.

The record reflects the dual nature of the hearing as it progressed. Thus, during the course of the hearing, the prosecutor asked Officer Gonzalez, "What brought your attention to the Minor?" The witness began to testify as to information that he had received from a fellow officer. Before he was

able to complete his answer, defense counsel interposed a hearsay objection. The following then took place:

"THE COURT: This is for the motion. Overruled.

"[THE PROSECUTOR]: For purposes of the motion.

"[DEFENSE COUNSEL]: Now we are in the motion?

"THE COURT: We are in the motion, for probable cause."

In a suppression hearing, the existence of probable cause to search or seize is litigated. It is not litigated during an adjudication hearing. As the above quoted portion of the transcript discloses, it was necessary at times to direct the focus of inquiry on probable cause, whose only relevance was to the suppression motion. This does not mean that notwithstanding the agreement at the outset of the hearing, the adjudication and suppression hearings were heard separately. Consider the following:

"[THE PROSECUTOR]: What happened after you first observed the Minor?

"[OFFICER GONZALEZ]: I observed him.

"[THE PROSECUTOR]: *For all purposes.*" (Italics added.)

The prosecutor's announcement that the testimony elicited was to be received "[f]or all purposes," was made after questions pertaining to probable cause had been asked and answered. This announcement clearly reflects the prosecutor's recognition that the suppression and adjudication hearings were being heard at the same time and that the testimony elicited at that point was to be considered for both purposes.

When Officer Gonzalez proceeded to answer the question that had been posed by the prosecutor, defense counsel made a hearsay objection. At that point, the prosecutor stated, "For probable cause purposes [*sic*]."

A little later in the proceedings defense counsel asked: "May I take the witness on voir dire before we complete this phase of the examination? I at some point will be allowed to question him, obviously, but I am wondering whether I will be able to do it on the motion? Will it be after the People are through with the witness *for all purposes*?" (Italics added.) At that point, the trial court interrupted the prosecution's direct examination and permitted defense counsel to cross-examine on the motion.

The portions of the record we have quoted unequivocally reveal that appellant's proffered construction of the stipulation is without support. Not only does its construction fly in the face of the express wording of the stipulation, but it also is unsupported by the transcript of the proceedings that culminated in the granting of the minor's suppression motion and the dismissal of the petition.

Appellant contends that because section 700.1 mandates that a suppression motion "shall be heard prior to the attachment of jeopardy," we must conclude that the suppression hearing was concluded and the case dismissed before jeopardy attached. We reject this circular reasoning. The quoted portion of section 700.1 reflects a legislative effort to avoid the very problem presented in this case. Jeopardy attached only because the trial court chose to ignore the legislative direction codified in section 700.1.[3]

It appears that in an effort to save a little time, the trial court asked the minor to stipulate to concurrent hearings without considering the double jeopardy consequences that would follow if the suppression motion were granted. The People could have objected to the procedure, pointing to the statute and the double jeopardy problem it seeks to avoid. The People or the court also could have conditioned the dual purpose hearing on a waiver by the minor of his right against double jeopardy in the event that the case was dismissed because of an order suppressing evidence. But there was no objection and there was no waiver.

Appellant argues that the minute order of January 23, 1990, which states that the section 602 petition "is dismissed without prejudice" supports its position that the suppression and adjudication hearings were not held simultaneously. This argument, too, lacks merit.

After granting the minor's section 700.1 motion, the trial court asked the prosecution whether it could proceed without the evidence that had been suppressed. When the prosecutor answered that this could not be done, the trial court stated: "All right. The petition is dismissed. All previously issued orders will remain in full force and effect." The trial court simply did not indicate whether the dismissal was or was not with prejudice. The minute order prepared by the clerk does not accurately reflect the trial court's order.

More important, however, is the fact that appellant cannot avoid the consequences of the attachment of jeopardy by a recital in the court minutes

---

[3] There is no support for appellant's further argument that the trial court acted without jurisdiction in eliciting the agreement to conduct a single hearing on the suppression and adjudication issues.

that the dismissal was "without prejudice." Even if the juvenile court's order were construed to be "without prejudice," it would not change the fact that jeopardy had attached when the first witness was sworn at the joint suppression and adjudication hearing.

Because the suppression hearing and the adjudication hearing were held concurrently in this case, jeopardy attached at the moment Officer Gonzalez was sworn as a witness. Section 800 requires dismissal of this appeal.

### DISPOSITION

The appeal is dismissed.

Woods (A. M.), P. J., and George, J., concurred.