TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 92-811 |
| of | : | |
| | : | MARCH 23, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE ARTHUR DANNER III, DISTRICT ATTORNEY, COUNTY OF SANTA CRUZ, has requested an opinion on the following question:

Over what kinds of hearings in connection with juvenile delinquency proceedings may a juvenile court commissioner preside, other than by stipulation?

CONCLUSION

Other than by stipulation, a superior court commissioner appointed to act as a juvenile court referee may, subject to a hearing de novo by a juvenile court judge, preside over any hearing in connection with juvenile delinquency proceedings, other than a jurisdictional hearing, as may be assigned by the presiding judge of the juvenile court.

ANALYSIS

We are asked to determine the kinds of hearings in connection with juvenile delinquency proceedings over which a "juvenile court commissioner" may, in the absence of a stipulation, preside. Specifically, the inquiry refers to proceedings under section 602 of the Welfare and Institutions Code[1] which provides as follows:

"Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

_____

[1]Unidentified section references herein are to the Welfare and Institutions Code.

1.                                                                                                    92-811

The powers and duties of a superior court commissioner are found in section 259 of the Code of Civil Procedure. Commissioners, subject to the supervision of the court, take proof and make and report findings as to any matter of fact upon which information is required by the court, take and approve bonds and undertakings, administer oaths and affirmations, take affidavits, depositions, and acknowledgments and proof of deeds and other instruments, act as temporary judges when so qualified and appointed, and hear, report on, and determine uncontested actions and proceedings. (74 Ops.Cal.Atty.Gen. 190, 194-195 (1991).)

In addition to the powers and duties found in section 259 of the Code of Civil Procedure, a superior court commissioner may, if so appointed and authorized pursuant to legislation applicable to the county in which he serves as a commissioner, perform the duties of a juvenile court referee. (See, e.g., Gov. Code, §§ 70141.1 (El Dorado County) ["... The superior court may also authorize the commissioner to perform the duties of a juvenile court referee appointed pursuant to section 247 of the Welfare and Institutions Code"], 70141.7 (county with population between 650,000 and 700,000 per 1970 census), 70141.9 (county of the 11th class), 70141.12 (Stanislaus County), 70142.11 (Solano County), 70142.12 (Sonoma County), 70142.13 (Tulare County).) Commissioners have no power as juvenile court referees unless they are duly appointed as such by the juvenile court. (*In re Mark L.* (1983) 34 Cal.3d 171, 176, fn. 4; *In re Edgar M.* (1975) 14 Cal.3d 727, 733, fn. 6.) Thus, the question presupposes that a superior court commissioner has been duly appointed and authorized to act as a referee of the juvenile court. The powers and duties of such appointees, while acting in that capacity, derive exclusively from the laws pertaining to referees, and are not affected by the fact that they hold the additional and separate office of court commissioner. (*In re Mark L., supra,* 34 Cal.3d at 178, fn. 5; *In re Edgar M., supra,* 14 Cal.3d at 733, fn. 6.)

Consequently, the question presented may be restated as follows: "Over what kinds of hearings in connection with juvenile delinquency proceedings may a juvenile court referee preside, other than by stipulation?"[2] We conclude that in the absence of a stipulation, a juvenile court referee may, subject to a hearing de novo by a juvenile court judge, preside over any hearing in connection with juvenile delinquency proceedings, other than a jurisdictional hearing, as may be assigned by the presiding judge of the juvenile court.

A juvenile court referee is appointed and the powers and duties defined in sections 247 and 248.[3] The latter section provides in part:

"A referee shall hear such cases as are assigned to him or her by the presiding judge of the juvenile court, with the same powers as a judge of the juvenile court, except that a referee shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply unless all of the parties thereto stipulate in writing that the referee may act in the capacity of a temporary judge."[4]

---

[2]By stipulation of the parties, full judicial powers may be conferred on an otherwise qualified referee. (§ 248; Cal. Rules of Court, rule 1415(b); *Sarracino v. Superior Court* (1974) 13 Cal.3d 1, 5-6.)

[3]Inasmuch as special provisions concerning referees are made in regard to juvenile courts, we do not consider the general provisions of Code of Civil Procedure sections 638-645.1 pertaining to references and trials by referees. (Code Civ. Proc., § 34.)

[4]Article I, section 15, of the California Constitution provides in part: "Persons may not twice be put in jeopardy for the same offense . . . or be deprived of life, liberty, or property without due

Section 248 must be construed in conjunction with article VI of the California Constitution. Section 1 of article VI provides that the judicial power of the state is vested in the courts. Section 22 of the same article provides, however, that:

"The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties."

In determining which of the principal hearings in delinquency proceedings may be conducted by a referee without violating the Constitution, we first note the general characteristics of such hearings.

A "detention hearing" is conducted to determine whether a minor taken into custody "shall be further detained." (§ 632.) The minor as well as the parent or guardian must be informed of the reasons why the minor was taken into custody, the nature of juvenile proceedings, and of the right to counsel. (§ 633.)

A "fitness hearing" is conducted to determine whether a minor is amenable to the care, treatment, and training program available through the facilities of the juvenile court, based upon an evaluation of the following criteria: (1) the degree of criminal sophistication exhibited by the minor; (2) whether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction; (3) the minor's previous delinquent history; (4) success of previous attempts by the juvenile court to rehabilitate the minor; and (5) the circumstances and gravity of the offense alleged to have been committed by the minor. (§ 707, subds. (a), (c).)

A "jurisdictional hearing" is conducted to determine whether the minor is a person described by section 300 (dependent), section 601 (status offender), or section 602 (delinquent). (§ 701.) The hearing may be held upon an original petition or upon a subsequent petition which may result in a modification of a previous disposition. (§ 777, subd. (a)(2).) In either case, such a hearing may result in a finding that the alleged criminal conduct is true and thus may cause the minor a substantial deprivation or enhanced deprivation of personal liberty. (Cf. *In re Francis W.* (1974) 42 Cal.App.3d 892, 897-898.) The discussion herein respecting a jurisdictional hearing refers to a contested hearing upon an original or subsequent petition under section 602.

A "dispositional hearing" is conducted to receive evidence, including a social study of the minor made by a probation officer and such other relevant and material evidence as may be offered, on the proper disposition of the minor. (§§ 702, 706.)

To the extent that a determination by a referee in any of the principal hearings in delinquency proceedings is subject to judicial review, it does not exceed the designation of "subordinate judicial duties" which may be performed under the terms of section 22 of article VI of the Constitution. With respect to judicial review of the decisions of a juvenile court referee, the judge of a juvenile court may require any or all orders of a referee to be expressly approved by a judge before becoming effective. (§ 251.)[5] Otherwise, all orders of a referee become immediately effective subject to the right of review as provided by law. (§ 250.)

---

process of law. "Amendment XIV, section 1, of the United States Constitution provides in part: ". . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ."

[5]In any event, no order of a referee removing a minor from his home shall become effective until expressly approved by a judge of the juvenile court. (§ 249.)

As for the conduct of hearings, a referee may, as noted above, hear those cases assigned by the judge "with the same powers as a judge of the juvenile court." (§ 248.)[6] The minor or the minor's representative may, after an adverse decision by the referee, apply to the juvenile court for a rehearing, which may be granted or denied by the court after reading the transcript of the proceedings. (§ 252.) Further, the court may, on its own motion, order a rehearing of any matter heard by a referee. (§ 253.) All rehearings by the court of matters heard by a referee must be conducted de novo. (§ 254.)

In its decision in *In re Perrone C., supra,* 26 Cal.3d 49, the Supreme Court held that under the statutory scheme summarized above, any determination made by a referee in a jurisdictional hearing based on a section 602 petition would violate the Constitution. Specifically, the court held that the provisions governing judicial review, as applied to a jurisdictional hearing, do not authorize the court upon an application for rehearing, to grant or approve an acquittal in the absence of a rehearing de novo. Such a rehearing after a referee's determination of innocence would violate the constitutional prohibition against double jeopardy. (*Jesse W.* v. *Superior Court* (1979) 26 Cal.3d 41, 44.) Under this scheme the referee's acquittal would constitute a final order; thus, it would exceed the referee's constitutional authority as a subordinate judicial officer. (Id., at p. 47, fn. 5.) On the other hand, a hearing which could only result in an adverse finding by the referee against the minor would violate the constitutional guarantee of due process of law. (*In re Perrone C., supra*, 26 Cal.3d at 56.) Accordingly, a referee may not preside over a jurisdictional hearing. (Id., at p. 57.)

The authority of a court to conduct a rehearing after the decision of a referee in a detention, fitness, or dispositional matter is not similarly constrained. Jeopardy does not attach during these phases of the proceedings. Rather, it attaches when the jurisdictional hearing is "entered upon." (*Richard M. v. Superior Court* (1971) 4 Cal.3d 370, 376-377; *T.P.B. v. Superior Court* (1977) 66 Cal.App.3d 881, 884.) Thus, for example, a hearing solely to determine fitness for treatment under juvenile law, and not involving any finding or adjudication on the alleged violations of law, would not constitute jeopardy in the constitutional sense (*In re Hurlic* (1977) 20 Cal.3d 317, 325) and would be "subordinate" in the sense that it would be subject to review by the court under section 253 (*Charles R. v. Superior Court* (1980) 110 Cal.App.3d 945, 957).[7]

It has been suggested, however, based on a comment made by the court in *In re Perrone C., supra*, 26 Cal.3d at 54 (quoting from *In re Edgar M., supra*, 14 Cal.3d at 735), that in addition to a jurisdictional hearing, the conduct by a referee of a dispositional hearing would be prohibited. The court's comment was as follows:

". . . `It is clear that without the availability of any review procedures the contested adjudication and disposition of a minor as a ward of the juvenile court by a referee acting without the parties' consent would violate the constitutional

_____

[6]The words of section 248 which immediately follow, i.e., "except that a referee shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply unless all the parties thereto stipulate . . ." were added by the Legislature in 1980 to codify the holding of the court in *In re Perrone C.* (1979) 26 Cal.3d 49 for reasons which will be discussed below.

[7]Section 707, subdivision (a) states in part: ". . . upon motion of the petitioner made *prior to the attachment of jeopardy* the court shall cause the probation officer to investigate and submit a report on . . . the minor being considered for a determination of unfitness." (Emphasis added; see also, § 707, subd. (c).)

limitation upon his functions to "subordinate judicial duties" (art. VI, § 22).' [Citation.]"

It is apparent that if a referee conducts the "adjudication *and* disposition" hearings, both would be invalid due to the constitutional insufficiency of the initial jurisdictional determination. *Perrone* and *Edgar* involved the conduct by a referee of the two hearings. Neither case, therefore, constitutes authority for the proposition that a referee may not conduct a dispositional hearing subject, of course, to a rehearing as provided by law, following a valid adjudication by the court.

We recognize that the court in *In re P. I.* (1989) 207 Cal.App.3d 316, 321, which also involved the conduct by a referee of both phases, cited *Perrone* and *Edgar* for the proposition that absent a stipulation conferring judicial power, "a juvenile court referee does not have authority under the California Constitution to conduct a jurisdictional or dispositional hearing." The court concluded that the procedure in question was in fact consented to by the willing participation therein of the minor and his counsel, and therefore did not independently consider whether, in the absence of such consent, the dispositional hearing could have been conducted by the referee. Consequently, we do not view *In re P. I.* as being precedentially significant with respect to the conduct of dispositional hearings following lawful jurisdictional hearings.

We find support for our conclusion regarding dispositional hearings in the court's decision in *In re William B.* (1982) 131 Cal.App.3d 426. The *William B.* court, after noting *Perrone*, held that where a minor admits the allegations of the petition, the jurisdictional hearing is waived, "and the referee may immediately proceed to make appropriate findings and disposition." (Id., at pp. 427-428.) Again, jeopardy, in the constitutional sense, does not attach at the dispositional phase. The prohibition against double jeopardy pertains specifically to the risk of trial and conviction, not to punishment. (*Breed v. Jones* (1975) 421 U.S. 519, 532-533.)

Since a court may rehear a decision respecting detention, fitness, or disposition in delinquency proceedings, the role of the referee is clearly subordinate and within constitutional bounds.[8] It is, therefore, concluded that a superior court commissioner appointed to act as a juvenile court referee may, in the absence of a stipulation, but subject to a hearing de novo by a juvenile court judge, preside over any hearing in connection with juvenile delinquency proceedings, other than a jurisdictional hearing, as may be assigned by the presiding judge of the juvenile court.

\* \* \* \* \*

---

[8]Whether the People may appeal an adverse decision made by the referee presents a different question. As long as the referee's decision may be reheard by the court on its own motion (see *In re Winnetka V.* (1980) 28 Cal.3d 587, 590-593), we believe the referee's duties to be subordinate. (See *In re Perrone C., supra*, 26 Cal.3d at 55; *Jesse W.* v. *Superior Court, supra,* 26 Cal.3d at 47, fn. 5; *Jesse W.* v. *Superior Court* (1978) 20 Cal.3d 893, 897, 899, fn. 5; *In re Edgar M., supra,* 14 Cal.3d at 732, 735; *Charles R.* v. *Superior Court, supra,* 110 Cal.App.3d at 957.)