[No. B194013. Second Dist., Div. One. Feb. 1, 2007.]

RICARDO V., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Real Party in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION**\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Facts and parts II., III., and IV. of the Discussion.

COUNSEL

Emma Castro for Petitioner.

No appearance for Respondent.

Raymond G. Fortner, Jr., County Counsel, Larry Cory, Assistant County Counsel, and Judith A. Luby, Deputy County Counsel, for Real Party in Interest.

Children's Law Center of Los Angeles and Martha Matthews for Minor A.V.

OPINION

**ROTHSCHILD, J.**—Ricardo V. (father), father of dependent daughter A.V., petitions for extraordinary writ review of orders setting a permanency planning hearing, terminating reunification services, and granting a Los

Angeles County Department of Children and Family Services (DCFS) petition requesting that father's custody, pending the rehearing of a referee's order granting custody to father, be modified to allow monitored visits only. (Welf. & Inst. Code, §§ 366.22, 366.26, & 388;[1] Cal. Rules of Court, rule 8.452 [former rule 38.1] (hereafter Rule).) We deny the writ.

■ In the published portion of the opinion, we conclude that a referee's order is not automatically vacated when a party's request for rehearing before a judge is granted. Pursuant to section 250, that order remains in force until a new order is made after rehearing of the original order or pursuant to other procedures authorizing the court to modify an existing order.

In the unpublished portion of the opinion, we hold that if any error resulted from the dependency court's alternate reading of section 250, such error was harmless, that at any rate father failed to preserve this issue by not raising it in the trial court, and that substantial evidence supported the trial court's orders.

FACTS[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.

On July 12, 2006, a dependency court referee ordered that A.V. be placed permanently in father's home. After A.V.'s counsel timely sought a rehearing before a judge, which was granted on August 7, on August 21, 2006, the dependency court judge set a rehearing date of August 31 and stated that upon the grant of a rehearing, the case's status reverted back to where it stood before the referee's order, thus reviving the earlier suitable placement order that placed A.V. with her caregivers.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[*]See footnote, *ante*, page 419.

Father contends that the dependency judge erred in vacating, on August 21, 2006, the referee's July 12, 2006 order pending rehearing, because section 250 prohibits a judge from vacating or modifying the referee's order until after a rehearing. (§ 250 "[Subject to limitations in sections 249 & 251,] all orders of a referee . . . shall become immediately effective . . . , and shall continue in full force and effect until vacated or modified upon rehearing by order of the judge of the juvenile court."].) DCFS, in response, contends that this statutory language should be read to mean that a referee's order may be vacated by a judge's order at any point after a rehearing is granted, even before the actual rehearing occurs, and that the dependency court's declaration that the case reverted to its status before the July 2006 hearing was such an order.

There is some legitimate confusion in the law on this point. It is true that certain dated court opinions indicate that a referee's order like those in this case becomes a nullity upon grant of rehearing.[2] (*In re Anthony M.* (1976) 64 Cal.App.3d 464, 468 [134 Cal.Rptr. 540]; *In re Dale S.* (1970) 10 Cal.App.3d 952, 957 [89 Cal.Rptr. 499].) The Advisory Committee comment to the later rule 1318, a closely similar predecessor to the current rule 5.540 that was also associated with section 250, however, noted that rule 1318 did not "follow the concept stated in In re Dale S. . . . , that the order of the referee becomes a 'nullity' upon the mere granting of a rehearing" and indicated that the referee's order should remain in effect until the dependency judge has reviewed it. (Deering's Cal. Codes Ann., Rules of Court (1980) p. 329.) Although father offers no authority to support his interpretation aside from the plain language of section 250 itself, based on that language and the comment on rule 1318 it appears that section 250 and rule 5.540 should be read straightforwardly to give force and effect to a referee's rehearable order until the matter covered by the order actually has been reheard.

II.–IV.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[2] We note that the trial court's actions and statements reflect this interpretation, not that proposed by DCFS, because the trial court apparently did not *order* that the case revert back to its earlier status, but rather just stated that that is what had happened automatically after the grant of a rehearing.

[*] See footnote, *ante*, page 419.

## DISPOSITION

The petition for an extraordinary writ is denied.

Spencer, P. J., and Vogel, J., concurred.